### WALTERS v. BORGIA MARBLE WORKS.

(Supreme Court, Appellate Term. November 11, 1910.)

CONTRACTS (§ 237*)—COMMISSIONS—CONSIDERATION.

Plaintiff having procured a contract for the construction of a mausoleum by the B. Co., it agreed to pay him a commission of $450, in installments, out of payments to be made by the purchaser. Plaintiff, having obtained $50 from the B. Co., thereafter applied to it for an advance, and received the company's note for $150, though under his original employment nothing was then due; plaintiff agreeing to return the amount of the note, plus the $50 already advanced, if the vault was not completed by defendant, but that if the purchaser should cancel the contract, and the B. Co. were compelled to take legal steps to recover expenses, plaintiff should be entitled to commissions on what the B. Co. recovered. The B. Co. thereafter assigned the contract to defendant, whose president agreed to perform the B. Co.'s contract with plaintiff for commissions. The note given to plaintiff having been protested, defendant took it up, with one of its own, which it subsequently paid. The purchaser had made two payments on the contract, and defendant had sued him to recover the last two installments; plaintiff having been paid commissions on all of the purchase price defendant had received. Held, that plaintiff's subsequent delivery of the protested note of the B. Co. was no consideration for an alleged subsequent agreement by which defendant contracted to pay plaintiff's claim absolutely within four months, whether the money was received from the purchaser or not, and that any such agreement was nudum pactum.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 237.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by August Walters against the Borgia Marble Works. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Jackson, Hollander & Frank (Samuel F. Frank, of counsel), for appellant.

PAGE, J. This action was brought to recover the balance of a commission for obtaining a contract to build a mausoleum for one Meyer. Plaintiff rendered the services for the Borgia Contracting Company. The contract provided for the construction of a mausoleum, to be paid for by Meyer in four installments as the work progressed, and it was agreed that the plaintiff's commission, amounting to $450, should be paid in installments out of the payments to be made by Meyer. This agreement was verbal. On August 26, 1909, plaintiff applied to the Borgia Contracting Company for a note for $150, payable in two months; he having received $50 from the Borgia Contracting Company, although under the terms of his original employment noth-

ing was then due. The plaintiff signed a typewritten letter, which is on the letter head of the Borgia Contracting Company, and probably prepared by one of its officers, as follows:

"New York, August 26, 1909.

"The Borgia Contracting Co., New York—Gentlemen: As I verbally explained to you my financial condition this a. m., I will appreciate very much if you will kindly give me a two months note for $150.00, to be charged against my coming commission of $450.00 for Meyer's vault. It is understood that, if this vault should not be brought to completion by you, I am not entitled to payment of any commission whatsoever, or any part of the $450.00 already agreed upon, and I hereby agree to return to you the full amount of said note, plus the $50.00 already advanced to me, as an accommodation. As to the balance of $250.00 of said commission, I agree to accept same in four payments; that is, 25% on each payment coming to and received by you.

"Respectfully yours,                             A. W."

To which the plaintiff added in his own handwriting:

"In case Mr. Meyer should cancel the contract and you are compelled to take legal steps to recover expenses, I am entitled to my commission for what you recover.                          August Walters."

Thereafter the Borgia Contracting Company, being unable to obtain the necessary bond, assigned, with the consent of Meyer, the contract for constructing the mausoleum to the Borgia Marble Works, the defendant herein. Thereupon plaintiff testifies that he said to Mr. Borgia, who was the president of the defendant:

"'What will you do about me?' He said: 'I will take care of you as before; pay you by the same commission as before.'"

After this the note given by the Borgia Contracting Company for $150 went to protest, and the defendant took up that note by giving one of its own for a similar amount, which note it subsequently paid. Meyer made two payments upon his contract, and there is an action pending to recover from him the last two installments. The defendant has received about one-half of the contract price, and plaintiff has received $200 of his $450 commission.

Clearly, if the original agreement is still in effect, there would be nothing due to plaintiff. Plaintiff, however, claims by his amended complaint that there was a subsequent verbal agreement whereby the defendant promised to pay the $250 within four months from that date, which we infer must have been in the latter part of October, although the date is not fixed in the record. He testifies that at the time Mr. Borgia gave him the new note the plaintiff asked him what was the provision for his getting the balance, and Borgia showed him the letter above set forth. Plaintiff testifies:

"I told Mr. Borgia I wanted to be sure of my money, and he said I should not have any doubt, because he showed his good faith in taking up that $150 note; and I asked him, 'Where will I get my money?' And he said, 'The money will be paid in four months, and you will have it then; you will have it all in that time.'"

The conversation the plaintiff claims to be the new agreement to pay absolutely in four months, whether the money was received from Meyer or not. It seems to us that this merely is an expression of

opinion that the money will be received from Meyer within four months, and that plaintiff will get the balance of his commission under the original agreement. But the learned trial justice has held that this constituted a new agreement. Adopting his finding, still plaintiff cannot recover, because there was no consideration for such an agreement. It is a mere nudum pactum, which cannot be enforced. Plaintiff's claim that his subsequent delivery of the protested note of the Construction Company, for which he had already received the note of the defendant, furnishes a consideration, does not merit serious discussion.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.